**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4158**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AUTUMN HAGLER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Senior District Judge.  (3:21-cr-00077-RJC-DCK-1)

_____

Submitted:  August 29, 2023                        Decided:  August 31, 2023

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sandra Payne Hagood, LAW OFFICE OF SANDRA PAYNE HAGOOD, Chapel Hill, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Autumn Hagler pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a). The district court sentenced Hagler to 78 months' imprisonment and three years of supervised release. On appeal, Hagler's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether trial counsel provided ineffective assistance at sentencing by failing to elaborate on Hagler's mental health conditions as a basis for a downward variance. Hagler was notified of her right to file a pro se supplemental brief but has not done so, and the Government has declined to file a response brief. Finding no error, we affirm.

To demonstrate ineffective assistance of counsel, Hagler "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, unless an attorney's ineffectiveness "conclusively appears on the face of the record," we do not address ineffective assistance claims on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We conclude that ineffective assistance of counsel does not conclusively appear on the face of the record before us. Therefore, Hagler's claim should be raised, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hagler, in writing, of the right to petition the Supreme Court of the United States for further review. If Hagler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hagler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*